Oscar Stilley Central Mall Plaza, Suite 516 5111 Rogers Avenue Fort Smith, AR 72903-2041
Dear Mr. Stilley:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 1993), of the following popular name and ballot title for a proposed amendment to the Arkansas Constitution:
 POPULAR NAME SCHOOL CHOICE AND EDUCATION VOUCHER AMENDMENT BALLOT TITLE AN AMENDMENT TO THE ARKANSAS CONSTITUTION TO PROVIDE THAT PARENTS OR LEGAL GUARDIANS MAY SELECT ANY EDUCATIONAL PROVIDER THEY CHOOSE; REQUIRING THE STATE TO PROVIDE VOUCHERS REDEEMABLE FOR CASH TO PARENTS CHOOSING PRIVATE EDUCATION, PER STUDENT IN GRADES K-12, ACCORDING TO THE FOLLOWING SCHEDULE: FOR THE SCHOOL YEAR ENDING MAY, 2002, THE CASH VALUE OF EACH VOUCHER SHALL EQUAL 30% OF AVERAGE ANNUAL PER PUPIL STATE AND LOCAL EDUCATIONAL EXPENDITURES FOR STUDENTS OF THAT GRADE LEVEL IN THE SCHOOL DISTRICT WHERE THE CHILD RESIDES, FOR THE SCHOOL YEAR ENDING MAY, 2003, 50% OF SUCH EXPENDITURES, FOR THE SCHOOL YEAR ENDING MAY, 2004, 70% OF SUCH EXPENDITURES, FOR THE SCHOOL YEAR ENDING MAY, 2005, AND FOR ALL SUCCESSIVE YEARS, 75% OF SUCH EXPENDITURES; DEFINING THE TERM "AVERAGE PER PUPIL STATE AND LOCAL EDUCATIONAL EXPENDITURE" AS THE ARKANSAS STATE AND LOCAL GOVERNMENTAL FUNDS WHICH WOULD BE EXPENDED FOR THE EDUCATIONAL BENEFIT OF THAT PARTICULAR PUPIL IN THE PUBLIC SCHOOL IN WHICH THE CHILD WOULD ENROLL BY DEFAULT, BUT SPECIFICALLY EXCLUDING FROM SAID DEFINITION AMOUNTS DERIVED FROM BOND OR LOAN PROCEEDS, CHARITABLE CONTRIBUTIONS, OR FEDERAL FUNDS; PROVIDING THAT ALL FUNDS FOR REDEMPTION OF VOUCHERS SHALL BE ALLOCATED AND TAKEN PROPORTIONALLY FROM THE SOURCES WHICH WOULD BE UTILIZED IF THE PUPIL WERE ATTENDING THE PUBLIC SCHOOL TO WHICH HE WOULD BE ASSIGNED BY DEFAULT; PROVIDING THAT IF PARENTS ELECT TO ENROLL THEIR CHILDREN IN A PUBLIC SCHOOL OTHER THAN THE SCHOOL THE CHILD WOULD ATTEND BY DEFAULT, THE ALLOCATION AND DISTRIBUTION OF FUNDS FOR REDEMPTION OF VOUCHERS SHALL BE LEFT TO THE DISCRETION OF THE ARKANSAS GENERAL ASSEMBLY AND OTHER STATE AND LOCAL AUTHORITIES; ENTITLING THE STATE TO CONDITION THE REDEMPTION OF SUCH VOUCHERS UPON PROOF OF SATISFACTORY ACADEMIC PERFORMANCE ONLY, AS EVIDENCED BY RESULTS OF TESTS WHICH ARE TO BE SELECTED BY THE PARENTS FROM A STATE APPROVED LIST, UNLESS ADEQUATE INSTRUCTION IS PROVEN BY OTHER MEANS, SUCH AS ATTENDANCE AT AN ACCREDITED SCHOOL; DECLARING FAILURE TO PAY WITHIN A REASONABLE TIME AFTER SUCH PROOF AN ILLEGAL EXACTION; PROVIDING THAT SUCH VOUCHERS OR CASH REDEMPTIONS ARE NOT TAXABLE INCOME; PROVIDING THAT THE RIGHT TO ATTEND A PUBLIC SCHOOL OTHER THAN THE SCHOOL ASSIGNED BY DEFAULT SHALL BE CONTINGENT ON AVAILABLE SPACE AND OTHER LEGITIMATE STATE INTERESTS; ALLOWING ANY EDUCATIONAL PROVIDER, PUBLIC OR PRIVATE, TO CONDITION ATTENDANCE UPON COMPLIANCE WITH DISCIPLINARY RULES OR OTHER LEGITIMATE INTERESTS; PROHIBITING STATE REGULATION OF PRIVATE EDUCATIONAL PROVIDERS EXCEPT FOR MINIMALLY RESTRICTIVE LAWS ESSENTIAL FOR HEALTH AND SAFETY OR FRAUD PREVENTION, WHICH DO NOT UNDULY BURDEN PRIVATE EDUCATIONAL PROVIDERS; PROVIDING THAT ANY NEW STATE LAW REGULATING PRIVATE EDUCATIONAL PROVIDERS SHALL NOT BECOME EFFECTIVE UNLESS IT RECEIVES THE AFFIRMATIVE VOTE OF AT LEAST 3\4 OF THE MEMBERS OF EACH HOUSE OF THE GENERAL ASSEMBLY; PROVIDING THAT THE AMENDMENT SHALL APPLY TO EDUCATION FOR LEGAL ARKANSAS RESIDENTS; REQUIRING THE LEGISLATURE AND STATE AND LOCAL RULE-MAKING BODIES TO MAKE NECESSARY LAWS AND RULES TO ENFORCE THIS AMENDMENT; AUTHORIZING THE GENERAL ASSEMBLY TO SUPPLEMENT THE VOUCHER RIGHTS CREATED HEREIN; REPEALING ALL CONTRARY LAWS AND CONSTITUTIONAL PROVISIONS; MAKING THE AMENDMENT SELF EXECUTING AND EFFECTIVE ON PASSAGE, AND FOR OTHER PURPOSES.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Applying the above precepts, it is my conclusion that the popular name is sufficient to meet the test set out above. It is therefore approved as submitted. In my judgment, however, one addition to the ballot title is necessary to make it more suitable, complete and correct. The following ballot title is hereby certified in order to insure that, when construed together, the popular name and ballot title accurately set forth the purpose of the proposed amendment:
 BALLOT TITLE AN AMENDMENT TO THE ARKANSAS CONSTITUTION TO PROVIDE THAT PARENTS OR LEGAL GUARDIANS MAY SELECT ANY EDUCATIONAL PROVIDER (UNDEFINED) THEY CHOOSE; REQUIRING THE STATE TO PROVIDE VOUCHERS REDEEMABLE FOR CASH TO PARENTS CHOOSING PRIVATE EDUCATION, PER STUDENT IN GRADES K-12, ACCORDING TO THE FOLLOWING SCHEDULE: FOR THE SCHOOL YEAR ENDING MAY, 2002, THE CASH VALUE OF EACH VOUCHER SHALL EQUAL 30% OF AVERAGE ANNUAL PER PUPIL STATE AND LOCAL EDUCATIONAL EXPENDITURES FOR STUDENTS OF THAT GRADE LEVEL IN THE SCHOOL DISTRICT WHERE THE CHILD RESIDES, FOR THE SCHOOL YEAR ENDING MAY, 2003, 50% OF SUCH EXPENDITURES, FOR THE SCHOOL YEAR ENDING MAY, 2004, 70% OF SUCH EXPENDITURES, FOR THE SCHOOL YEAR ENDING MAY, 2005, AND FOR ALL SUCCESSIVE YEARS, 75% OF SUCH EXPENDITURES; DEFINING THE TERM "AVERAGE PER PUPIL STATE AND LOCAL EDUCATIONAL EXPENDITURE" AS THE ARKANSAS STATE AND LOCAL GOVERNMENTAL FUNDS WHICH WOULD BE EXPENDED FOR THE EDUCATIONAL BENEFIT OF THAT PARTICULAR PUPIL IN THE PUBLIC SCHOOL IN WHICH THE CHILD WOULD ENROLL BY DEFAULT, BUT SPECIFICALLY EXCLUDING FROM SAID DEFINITION AMOUNTS DERIVED FROM BOND OR LOAN PROCEEDS, CHARITABLE CONTRIBUTIONS, OR FEDERAL FUNDS; PROVIDING THAT ALL FUNDS FOR REDEMPTION OF VOUCHERS SHALL BE ALLOCATED AND TAKEN PROPORTIONALLY FROM THE SOURCES WHICH WOULD BE UTILIZED IF THE PUPIL WERE ATTENDING THE PUBLIC SCHOOL TO WHICH HE WOULD BE ASSIGNED BY DEFAULT; PROVIDING THAT IF PARENTS ELECT TO ENROLL THEIR CHILDREN IN A PUBLIC SCHOOL OTHER THAN THE SCHOOL THE CHILD WOULD ATTEND BY DEFAULT, THE ALLOCATION AND DISTRIBUTION OF FUNDS FOR REDEMPTION OF VOUCHERS SHALL BE LEFT TO THE DISCRETION OF THE ARKANSAS GENERAL ASSEMBLY AND OTHER STATE AND LOCAL AUTHORITIES; ENTITLING THE STATE TO CONDITION THE REDEMPTION OF SUCH VOUCHERS UPON PROOF OF SATISFACTORY ACADEMIC PERFORMANCE ONLY, AS EVIDENCED BY RESULTS OF TESTS WHICH ARE TO BE SELECTED BY THE PARENTS FROM A STATE APPROVED LIST AND ADMINISTERED BY THE STATE OR A REPUTABLE INDEPENDENT TESTING COMPANY AT THE PARENTS' OPTION; PROVIDING THAT THE STATE MAY DISPENSE WITH SUCH TESTING BASED UPON REASONABLE PROOF OF ADEQUATE INSTRUCTION, SUCH AS ATTENDANCE AT AN ACCREDITED SCHOOL; DECLARING FAILURE TO PAY WITHIN A REASONABLE TIME AFTER SUCH PROOF AN ILLEGAL EXACTION; PROVIDING THAT SUCH VOUCHERS OR CASH REDEMPTIONS ARE NOT TAXABLE INCOME UNDER STATE LAW; PROVIDING THAT THE RIGHT TO ATTEND A PUBLIC SCHOOL OTHER THAN THE SCHOOL ASSIGNED BY DEFAULT SHALL BE CONTINGENT ON AVAILABLE SPACE AND OTHER LEGITIMATE STATE INTERESTS; ALLOWING ANY EDUCATIONAL PROVIDER, PUBLIC OR PRIVATE, TO CONDITION ATTENDANCE UPON COMPLIANCE WITH DISCIPLINARY RULES OR OTHER LEGITIMATE INTERESTS; PROHIBITING STATE REGULATION OF PRIVATE EDUCATIONAL PROVIDERS EXCEPT FOR MINIMALLY RESTRICTIVE LAWS ESSENTIAL FOR HEALTH AND SAFETY OR FRAUD PREVENTION, WHICH DO NOT UNDULY BURDEN PRIVATE EDUCATIONAL PROVIDERS; PROVIDING FOR THE RIGHT TO A JURY TRIAL IN ANY STATE ACTION AGAINST A PRIVATE EDUCATIONAL PROVIDER; PROVIDING THAT ANY NEW STATE LAW REGULATING PRIVATE EDUCATIONAL PROVIDERS SHALL NOT BECOME EFFECTIVE UNLESS IT RECEIVES THE AFFIRMATIVE VOTE OF AT LEAST 3\4 OF THE MEMBERS OF EACH HOUSE OF THE GENERAL ASSEMBLY; PROVIDING THAT THE AMENDMENT SHALL APPLY TO EDUCATION FOR LEGAL ARKANSAS RESIDENTS; REQUIRING THE LEGISLATURE AND STATE AND LOCAL RULE-MAKING BODIES TO MAKE NECESSARY LAWS AND RULES TO ENFORCE THIS AMENDMENT; AUTHORIZING THE GENERAL ASSEMBLY TO SUPPLEMENT THE VOUCHER RIGHTS CREATED HEREIN; REPEALING ALL CONTRARY LAWS AND CONSTITUTIONAL PROVISIONS; MAKING THE AMENDMENT SELF EXECUTING AND EFFECTIVE ON PASSAGE, AND FOR OTHER PURPOSES.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers must precede every petition, informing them of the privileges granted by the Constitution and of the penalties imposed for violations of this act. Enclosed herewith, over the signature of the Attorney General, are instructions that should be incorporated in your petition prior to circulation.
Sincerely,
MARK PRYOR Attorney General
Enclosure